**AUTOMOBILE FINANCE COMPANY v HENRY MOTORS, INC.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3040. Decided February 7, 1940

William E. McKinley, Columbus, for plaintiff-appellee.

E. C. Shively, Columbus, and T. M. Miller, Columbus, for defendant-appellant.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The cause originated in the Municipal Court of Columbus where judgment was entered for the plaintiff, and on appeal on questions of law to the Court of Common Pleas judgment was affirmed.

On May 4, 1937, plaintiff filed its petition in the Municipal Court alleging, among other things, that on the 11th

day of June, 1936, the defendant sold to one Smalley an automobile and at the time of said sale received from said Smalley a chattel mortgage on said car to secure a part of the purchase price amounting to $297.00. The note was of the same date in the same amount payable in monthly installments.

That on the same day defendant assigned for a valuable consideration said note and said mortgage to the plaintiff. Two installment payments of $24.75 each had been paid, leaving a balance due of $247.50.

It is further alleged in the petition that at the time said automobile was sold to Smalley the defendant did not have legal title to said car and that said car had been stolen from one L. E. Deetz of Navarre, Ohio, on or about April 5, 1933, and that the Travelers Insurance Company is the legal owner of said car having paid the said Deetz the value thereof under a policy of insurance issued to said Deetz.

It is further alleged that the plaintiff is unable to enforce the chattel mortgage on said car or said note and that by the sale of said car and the assignment of said note and mortgage it has been damaged in the sum of $247.50. The prayer of the petition asks for judgment in the above amount with costs.

An examination of the docket and journal entries from the Municipal Court discloses a very unusual and extended history.

On May 24, 1937, the cause was tried and judgment entered for plaintiff.

Two days later a motion for new trial was filed and on June 8 thereafter, sustained, and defendant granted leave to plead. On June 18, 1937, defendant filed answer. On November 29, 1937, when the case was called for trial, all parties being present, counsel for plaintiff stated in open court that he was unable to prove his case because of lack of witnesses. Thereupon the Court entered judgment for the defendant. Thereafter motion for new trial was interposed and sustained and the case ordered reassigned for trial. On February 9, 1938, the case was again tried

and judgment entered for the defendant. Motion for new trial was duly filed, and thereafter overruled. On motion to reconsider motion for new trial was granted. On March 23, 1938, defendant interposed motion for judgment on the pleadings which was overruled. On the same day the cause proceeded to trial, resulting in finding and judgment for plaintiff in the sum of $247.50 and costs. Motion for new trial was duly filed and overruled and final judgment entered on the former finding.

Within statutory time notice of appeal was given, lodging the case in the Common Pleas Court.

The transcript further shows that Bill of Exceptions was filed in the Municipal Court and later approved.

So far as we are able to find, the Bill of Exceptions was never filed in the Common Pleas Court.

At least it does not appear in the file and the written opinion of the Common Pleas Judge indicates that he did not have the Bill of Exceptions before him.

It definitely appears that the sole and only error complained of is the refusal of the Judge of the Municipal Court to sustain the motion to enter judgment on the pleadings.

Defendant's answer contains admissions of a number of the historical facts set out in the petition. On the question of assignment of note and mortgage it is averred that the same was assigned without recourse and further that plaintiff agreed to take said note and mortgage at its own risk and not to hold the defendant liable for any loss, damage or other claim which might arise by reason of such assignment.

This leaves the sole and only question for our determination as to whether the petition states a cause of action. The averments of the answer may not be considered except as such answer would aid any of the allegations of the petition. Furthermore, the case having proceeded to trial and plaintiff having recovered a judgment, we are required to indulge every presumption in favor of its correctness.

**480**

That the petition has infirmities is beyond question, but defendant having interposed no motion and having gone to trial after filing of answer, many of these infirmities, if not all, are waived. We understand that under the rules of the Municipal Court a reply to defendant's answer was not required; that any new matter set up in an answer is automatically denied. No question is raised as to the effectiveness of this rule. If the assignment of the note and mortgage was made under the terms set up in defendant's answer plaintiff would not be entitled to recover. This would probably also be true if the assignments were made in blank.

Counsel for plaintiff in his brief makes the claim that the evidence disclosed that there was warranty of title and right to transfer. Of course, we do not have the evidence and can not determine whether or not the Bill of Exceptions would substantiate this claim. We only mention it to illustrate the manner in which the evidence might supply some of the omitted allegations of the petition.

Such evidence might have been presented without objection, and furthermore we would hold that the trial court in the interest of justice might permit evidence of this character under the very general allegations of the petition.

Under the situation in this case we think it requires us to invoke the provisions of §11364 and say that it appears to us that substantial justice has been done and that the judgment of the lower courts will be affirmed.

Cause remanded. Costs adjudged against appellant.

HORNBECK, PJ., and GEIGER, J., concur.